IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JASON LENZ, | ) CASE NO. 1:22-cv-01359 |
| Plaintiff, | ) JUDGE DAVID A. RUIZ |
| v. | ) |
| ANNETTE CHAMBERS-SMITH, *et al.*, | ) ORDER |
| Defendants. | ) |

*Pro se* Plaintiff Jason Lenz filed this *in forma pauperis* action against the Ohio Department of Rehabilitation and Correction Director Annette Chambers-Smith, Ohio Adult Parole Authority (APA) Chief Hearing Officer Michael Anderson, and Lorain Correctional Institution (LCI) Warden Jennifer Gillece Black. (R. 1, PageID# 2–3). Plaintiff named each Defendant in their official capacities. (*Id.*). For the following reasons, this action is dismissed.

I. Background

Plaintiff filed this action purportedly challenging his post release control. (R. 1). Although the Complaint and the pages of materials submitted with it are unclear, plaintiff appears to contend that he and other prisoners are being illegally subjected to post release control in connection with their sentences and in violation of their civil rights. (*See, e.g.*, R. 1-1,

PageID# 12–18). Plaintiff was released from LCI on September 16, 2022, and he is currently under APA supervision.[1]

In this purported class action, Plaintiff appears to seek termination of his post release control and $200,000 in damages. (*See* R. 3, PageID# 43).

## II. Standard of Review

Although *pro* se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), federal district courts are expressly required, under 28 U.S.C. § 1915A, to screen all complaints filed in federal court in which a prisoner seeks redress from governmental officers and employees, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). A complaint fails to state a claim upon which relief may be granted when it lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under § 1915A).

## III. Analysis

As an initial matter, Plaintiff cannot bring this action on behalf of anyone other than himself. The Sixth Circuit has made clear that prisoners proceeding *pro se* may not represent other prisoners in federal court. *See Marr v. Michigan*, 1996 WL 205582, at *1 (6th Cir. Apr. 25, 1996) (stating that "an imprisoned litigant who is not represented by counsel may not represent a

---

[1] *See Offender Details*, Ohio Dep't of Rehab. & Corr., https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A756920 (last visited Feb. 17, 2023).

class of inmates because the prisoner cannot adequately represent the interests of the class"); *see also Corn v. Sparkman*, 1996 WL 185753, at *1 (6th Cir. Apr. 17, 1996) ("A prisoner cannot bring claims on behalf of other prisoners."); *Proctor v. Applegate*, 2008 WL 2478331, at *1 n.3 (E.D. Mich. June 16, 2008) ("It is well-established that plaintiff . . . may only represent himself with respect to his individual claims, and may not act on behalf of other prisoners.").

Upon review, the Court finds that Plaintiff's Complaint must be dismissed. Federal courts have drawn careful lines between relief properly considered in a habeas corpus action and relief that is properly sought in a civil rights action. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). In *Preiser*, the Supreme Court made clear that when a plaintiff is challenging the validity of his conviction or sentence and the relief he seeks is immediate or speedier release, he must seek habeas corpus relief under 28 U.S.C. § 2254 rather than relief in a 42 U.S.C. § 1983 civil rights action. *See id.* at 500 ("[W]e hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").

Here, Plaintiff is challenging the post release control portion of his sentence and is seeking to have that portion of his sentence terminated. To that extent, Plaintiff's sole federal remedy is a writ of habeas corpus. *See, e.g., Williams v. Ohio*, 2021 WL 4060383, at *2 (N.D. Ohio Sept. 7, 2021) (dismissing civil rights complaint brought by Ohio prisoner seeking release from post release control portion of his sentence).

Additionally, to the extent Plaintiff seeks damages, the Complaint fails. To recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid under § 1983, a

3

plaintiff must first show that the conviction or sentence at issue has already been reversed on direct appeal or called into question by a court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). Here, Plaintiff's action seeks to invalidate a portion of his sentence, but he has not alleged or demonstrated that the sentence has been reversed or called into question in any way as articulated in *Heck*. Plaintiff has therefore failed to state a cognizable civil rights claim.

### IV. Conclusion

For the foregoing reasons, the Court dismisses this action in its entirety under 28 U.S.C. § 1915A. Plaintiff's motion to proceed *in forma pauperis* (R. 2) is granted. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

s/ *David A. Ruiz*
David A. Ruiz
United States District Judge

Date: February 17, 2023